UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIAN ELIZABETH ST MARIE,<br><br>    Plaintiff,<br>  v.<br><br>JEFFERSON COUNTY et al,<br><br>    Defendant. | CASE NO. 3:22-cv-05893-DGE<br><br>ORDER ON MOTION TO DISQUALIFY (DKT. NO. 24) |

### I.  INTRODUCTION

This matter comes before the Court on Defendants' motion to disqualify Attorney George Trejo.  (Dkt. No. 24.)

### II.  BACKGROUND

Attorney George Trejo and Plaintiff Julian St. Marie were married between 2011 and 2015.  (Dkt. No. 27-2 at 3.)  In 2013, Trejo filed a petition for a protection order against Plaintiff (Dkt. No. 25 at 5–10), wherein Trejo asserted Plaintiff made false accusations against Trejo (*id*.

at 9).  Trejo also requested that Plaintiff only communicate with him via email as part of his petition.  (*Id*.)

Among her causes of action, Plaintiff asserts a libel claim against all Defendants.  (*See* Dkt. No. 1.)  Defendants argue Plaintiff's libel claim places her character at issue (Dkt. No. 24 at 7) and seek to call Trejo as a witness to testify about his 2013 petition for a protection order (*id*. at 6–8).  Defendants claim Trejo is a necessary witness and, therefore, must now be disqualified from representing Plaintiff.  (*Id*. at 9.)

### III.  DISCUSSION

#### A.  Admissibility of Trejo's 2013 Statements

Whether evidence is admissible at trial normally is analyzed in a motion in limine after the completion of discovery and in preparation for trial.  However, "[a] motion to disqualify should be accompanied by . . . admissible evidence sufficient to establish the factual predicate on which the motion depends."  *Russell Road Food and Beverage, LLC v. Galam*, 2014 WL 3845424, *1 (D. Nev. July 31, 2014) (quoting *Colyer v. Smith*, 50 F.Supp.2d 966, 967 (C.D. Cal. 1999) (internal citations omitted)).  As such, determining whether Trejos' 2013 statements are admissible as to Plaintiff's libel claim is necessary to determine whether Trejo is disqualified from representing Plaintiff in this matter.

Defendants contend Trejo's 2013 statements are admissible under Federal Rule of Evidence 405(b) because Plaintiff's libel claim has placed her character at issue.

To establish a claim for defamation based on libel, a plaintiff must show (1) that a defendant's statement was false, (2) that the statement was unprivileged, (3) that defendant was at fault, and (4) that the statement proximately caused damages.  *Momah v. Bharti*, 182 P.3d 455 (Wash. Ct. App. 2008).  "[A] charge of defamation or libel commonly makes damage to the

1  [plaintiff's] reputation or character an essential element of the case." *Schafer v. Time, Inc.*, 142
2  F.3d 1361, 1371–1372 (11th Cir. 1998).  Plaintiff's complaint confirms her reputation and
3  character are at issue in this lawsuit.  (*See* Dkt. No. 1 at 47) ("Plaintiff's personal and
4  professional reputation were harmed by Defendants, and each of their, intentional misconduct
5  that caused her humiliation and severe emotional distress.")  It, therefore, is undisputed that
6  Plaintiff's character and reputation have been placed at issue as a result of Plaintiff's libel claim.

7        Under Rule 405(b), specific instances of Plaintiff's conduct would be admissible to prove
8  or disprove Plaintiff's personal and professional reputation and character.  It states, "[w]hen a
9  person's character or character trait is an essential element of a charge, claims, or defense, the
10 character or trait may also be proved by the relevant specific instances of the person's conduct."
11 Fed. R. Evid. 405(b).  However, "[e]vidence of prior acts, . . . offered under . . . 405(b) . . . must
12 be sufficiently related and proximate in time to the [claim] to be relevant under Rule 403."
13 *United States v. Barry*, 814 F.2d 1400, 1404 (9th Cir. 1987).  Put another way, "even though
14 evidence of specific acts is admissible to prove character in a libel case under Rule 405(b), a
15 district court must still determine whether such acts pass muster under Federal Rule of Evidence
16 401 (relevance) and Federal Rule of Evidence 403 (prejudice)." *Schafer*, 142 F.3d at 1372 n.13.

17       Based on the record presented, the specific instances of alleged conduct contained in
18 Trejos' 2013 petition are not sufficiently related or proximate in time to Plaintiff's present libel
19 claim.  Even accepting Defendants' assertion that there are similarities between Trejo's 2013
20 statements and Defendants' position in this case (*see* Dkt. No. 24 at 7), how Plaintiff's peers
21 might perceive her reputation and character is undoubtedly vastly different to how Trejo
22 perceived Plaintiff in the midst of a personal and emotional separation from Plaintiff.  In other
23 words, how Plaintiff may have interacted with Trejo during a personal and emotional
24

relationship in Yakima County has little bearing on Plaintiff's reputation amongst her peers while employed at Jefferson County or while practicing law in Jefferson County.

As to timing, Trejo's statements about Plaintiff occurred approximately 10 years ago while he and Plaintiff resided in Yakima County, and well before the acts complained of in this action.  Again, how Plaintiff interacted and treated Trejo during their separation in Yakima County provides no insight into how her current personal and professional peers perceive Plaintiff's reputation and character.

Even assuming some probative value between Trejo's prior statements about Plaintiff and Plaintiff's character reputation amongst her personal and professional peers, any such probative value would be substantially outweighed by a danger of unfair prejudice or confusion.  *See* Fed. R. Evid. 403.  This is because the trier of fact might unduly focus on a past personal relationship that says little, if anything at all, about Plaintiff's character and reputation amongst her personal and professional peers during the time period complained of in this action.

Independent of the libel claims, Defendants contend they should be allowed to cross-examine Plaintiff about the allegations contained in Trejo's 2013 petition for protection order pursuant to Evidence Rule 608(b) because they are "probative of Plaintiff's character for truthfulness." (Dkt. No. 24 at 8.)  This argument, however, has no bearing on whether Trejo should be disqualified.  This is because, were Defendants to call Trejo as a witness, they would be prohibited from inquiring about instances of specific conduct on direct examination.  *See* Fed. R. Evid. 608(b) ("extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attach or support the witness's character for truthfulness.  But the court may, *on cross-examination*, allow them to be inquired into if they are probative for truthfulness or untruthfulness[.]") (emphasis added).

1   The Court declines to rule at this stage whether Defendants may cross-examine *Plaintiff* about the 2013 conduct alleged in Trejo's petition for protection order under Rule 608(b).  That issue is properly reserved for a motion in limine to be decided pre-trial after completion of discovery.

**B.  Trejo Is Not A Necessary Witness**

Defendants argue Trejo is a necessary witness.  (Dkt. No. 24 at 9.)  Having ruled that the probative value of Trejo's 2013 statements as they relate to Plaintiff's libel claim is substantially outweighed by a danger of unfair prejudice or confusion, and having recognized Rule 608(b) does not provide a vehicle to examine Trejo about his 2013 statements, there is no basis to find Trejo is a necessary witness in this litigation.

**IV.   CONCLUSION**

Accordingly, and having reviewed the Motion and the remainder of the record, the Court DENIES Defendants' motion to disqualify Attorney George Trejo.

Dated this 28th day of August 2023.



David G. Estudillo
United States District Judge